FILED
JAN 02 2024 MCP
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

U.S.C.A. – 7th Circuit
RECEIVED
DEC 27 2023

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY CHANEY, **Plaintiff** | CIVIL ACTION NO-1:23-cv-03279 |
| Versus | JUDGE: Harry D. Leinenweber |
| CHICAGO HOUSING AUTHORITY-(A Governmental Agency Operating under the laws of the State of Illinois and the United States Constitution), **Defendant** | MAGISTRATE: <br><br> JURY DEMAND: |

## MEMORANDUM IN SUPPORT OF DEFAULT JUDGMENT

The standard for a motion to dismiss (the standard that applies to a motion for summary judgment on the pleadings) is as follows: Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the …claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." Id. At 570 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

   a. In the present case Mr. Chaney has presented overwhelming evidence that he submitted a request for a hearing to the Chicago Housing Authority- 10/25/2022.
   b. On November 9, 2022 and the Chicago Housing Authority granted Mr. Chaney's request.
   c. On February 17, 2023, Ms. Jakyra Nelson called Mr. Chaney and informed him that the agency would not grant him a hearing because and

Page **1** of 4

    failed to provide Chaney with any written legal authority as to why the agency has refused to comply with the HUD' requirements.
  d. The actions of Jakyra Nelson (individually and in her professional capacity) as an employee of the Chicago Housing Authority and the actions were in violation of 42 U.S.C. §1983 which states:(See Appendix)

Section 42-Civil Action for Deprivation of Rights states as follow:
> **Every person who, under color of any statute, ordnance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.**

  e. Mr. Chaney's request for a hearing was consistent with the stated conditions of the "Housing Choice Voucher (HCV)' program passed by the Housing Urban Program (Also known as 'HUD')
     a. This denial intentionally violates Chaney's right as guarantee under 24 C.F.R. Part 6 Subpart B § 6.13 Hearings and Appeals section (a) and (b) which state as follow:
        > "(a) When a Recipient requests an opportunity for a hearing, in accordance with § 6.12(b)(3), the General Counsel will follow the notification procedures set forth in 24 CFR 180.415. The hearing, and any petition for review, will be conducted in accordance with the procedures set forth in 24 CFR part 180. (b) After a hearing is held and a final agency decision is rendered under 24 CFR part 180, the Recipient may seek judicial review in accordance with section 111(c) of the Act."

Mr. Chaney's complaint need not give "detailed factual allegations," it must alleged facts sufficient "to raise a right to relief above the speculative level." Twombly 550 U.S. at 555. "Neither conclusory legal statements nor abstract

recitations of the elements of a cause of action add to the notice that Rule 8 demands, so that do not help a complaint survive a Rule 12(b)(6) motion." Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty., 804 F. 3d 826, 832 (7th Cir. 2015 (citations omitted).

A pro se complaint must be construed liberally, and "held to less stringent standards than formal pleadings drafted by lawyers. "Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). A pro se plaintiff need not plead legal theories; nit is the facts that count. Norfleet v. Walker, 684 F. 3d 688, 690 (7th Cir. 2012); Hatmaker v. Mem'l Med. Ctr., 619 F. 3d 741, 743 (7th Cir. 2010). "Rule 8(a) does not require plaintiffs to 'pin' their claim for relief to any particular legal theory at the pleading stage… federal pleading standards do not demand that complaints contain all legal elements (or factors) plus facts corresponding to each… the cornerstone at the motion to dismiss stage remains for district courts to treat all allegations as true and to draw all reasonable inferences in the plaintiff's favor." Zimmerman v. Bornick, 25 F. 4th 491, 493 (7th Cir. 2022) (citations omitted).

Federal Rules of Civil Procedures 12 States as follow:

> (b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
>> (1) lack of subject-matter jurisdiction;
>>
>> (2) lack of personal jurisdiction;
>>
>> (3) improper venue;
>>
>> (4) insufficient process;
>>
>> (5) insufficient service of process;
>>
>> (6) failure to state a claim upon which relief can be granted; and
>>
>> (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No

defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Chicago Housing Authority has failed to respond to the complaint that was filed against them. The 12(b)(6) is merely an outlier to give the court time to delay the inevitable outcome. Mr. Chaney is entitled to a default judgment as prescribed by law.

**Rule 55. Default; Default Judgment**

(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

I am,

*Tony Chaney*

Mr. Tony Chaney
5027 W. Cermak Rd
Cicero, Illinois 60804
312-292-1202
tony_chaney@yahoo.com
Partially Admitted To The California State Bar
#405880



## INFORMAL HEARING REQUEST FORM

Este documento se puede traducir.
Para adquirir la versión traducida, por favor comuníquese al 312-935-2600

If you need this document in a different language or **LARGER FONT** or if you need a reasonable accommodation (persons with disabilities), please call 312-935-2600 or TTY: 312-461-0079. Advance notice of seven days is required in order to arrange for interpreter services.

Date: 10/25/2022

Participant Name (First and Last): Tony Chaney

Voucher #: G0062194

Address (current): P.O. Box 12626

Apt #:

City: Chicago  State: Ill  ZIP Code: 60612

Home Phone: 312-282-1207   Cell Phone:

If you have an address that is different than your current address, please list below:

Address (if different from above):   Apt #:

I am requesting an Informal Hearing for the following reason(s):

My removal ~~was~~ from the housing Choice Voucher program was both illegal and without notice.
I intend to seek legal representation and I will pursue all avenues available.

Will you have legal representation present (at your own expense) during the Informal Hearing? [X] Yes  [ ] No
If yes, please provide the name and address of your legal representation:

In the process of securing same.

Rev. 04292019, Eff. 05012019, CHA-0059 Hearing Review Form

CHA Customer Call Center / TTY: 312-935-2600 / 312-461-0079  •  hcv@thecha.org  •  www.thecha.org/hcv



Este documento se puede traducir.
Para adquirir la versión traducida, por favor comuníquese al 312-935-2600.

## INFORMAL HEARING REQUEST DECISION NOTICE

*If you need this document in a different language or LARGER FONT or if you need a reasonable accommodation (persons with disabilities), please call 312-935-2600 or TTY: 312-461-0079. Advance notice of seven days is required in order to arrange for interpreter services.*

November 09, 2022　　　　　　　　　　　　　　　　　　　　　　　Voucher #: g0062194

Tony Chaney
Po Box 12621 Apt
Chicago, IL 60612

Dear Tony Chaney

The Chicago Housing Authority's Housing Choice Voucher (HCV) Program has received your request for an Informal Hearing dated [10/20/2022].

☑ Your request has been **approved**. You will receive a separate notice advising you of the date and time of your scheduled appointment.

☐ Your request has been **denied** due to the following reasons:

　☐ At least one of the items listed below (for which CHA does not grant an Informal Hearing) is included in the submitted request:

　　☐ Change in the size of unit approved for the family.

　　☐ Dispute the HCV Program's established Utility Allowance schedule or Payment Standard.

　　☐ Move in to or remain in a unit that fails a Housing Quality Standards Inspection or is not in accordance with the size of the family.

　　☐ Contest the HCV Program's disapproval of a property owner's lease.

　　☐ Extend the search time on the voucher.

　　☐ Dispute actions that the HCV Program takes against the property owner.

　　☐ Resolve issues that can be resolved without a hearing.

　　☐ Contest general policy issues or class grievances.

　　☐ Other: _____

　☐ Your request was received after the deadline.

If you have any questions, please contact the CHA Customer Call Center at 312-935-2600 or hcv@thecha.org.

Rev. 08112020, Eff. 08192020, CHA-0058 Hearing Decision

CHA Customer Call Center / TTY: 312-935-2600 / 312-461-0079　•　hcv@thecha.org　•　www.thecha.org/hcv

U.S. POSTAGE PAID
FCM LG ENV
CHICAGO, IL 60612
DEC 20, 2023
$0.93
R2305K131800-88

60604

Retail
RDC 99

Mr. ?
5029 W. Cermak Rd.
Cicero, Fl. 60804

RECEIVED
DEC 27 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States District Court
7th Circuit
Judge Harry D. Leinenweber
219 S. Dearborn
Chicago, Fl. 60604