**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **TONY CHANEY,** | |
| **Plaintiff,** | |
| **v.** | **Case No.  23 C 3279** |
| **CHICAGO HOUSING AUTHORITY,** | **Judge Harry D. Leinenweber** |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Chicago Housing Authority's ("CHA") Motion to Dismiss *pro se* Plaintiff Tony Chaney's ("Chaney") Amended Complaint (Amended Complaint ("Compl.") Dkt. No. 15) pursuant to Federal Rules of Civil Procedure 12(b)(6); Plaintiff's Motion for Summary Judgment and Award of Punitive Damages (Dkt. No. 24); and Plaintiff's Motion for Default Judgment (Dkt. No. 32). For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss, DENIES as moot Plaintiff's Motion for Summary Judgment and Award of Punitive Damages, and DENIES Plaintiff's Motion for Default Judgment.

### I.    DISCUSSION

### A.  Motion to Dismiss

This action arises out of CHA's alleged failure to provide Chaney with an informal hearing regarding his removal from CHA's Housing Choice Voucher ("HCV") program. The following facts are taken from Chaney's Amended Complaint. Chaney is a former

participant in the Housing Choice Voucher program administered by CHA. (Compl. ¶ 13.) Chaney and Kenmore Plaza Tenant Association (the "Landlord") were parties to a lease agreement under which the Landlord leased the premises located at 5225 N. Kenmore, Unit 10M, Chicago, IL 60640 (the "Premises") to Chaney for the term of October 1, 2021, to September 30, 2022. (*Id.*, Exhibit ("Ex.") I, ¶ 2.) Chaney's rent under the lease agreement was subsidized by HUD under the HCV program administered by CHA. (*Id.* Ex. I, ¶ 3.) The property manager assigned to manage the Premises was Candace Harrell ("Harrell"). (*Id.*, Ex. V, p. 4.)

On July 27, 2022, Harrell issued an eviction notice to Chaney. (Compl. ¶ 22.) On October 25, 2022, Chaney submitted an informal hearing request form regarding his removal from the HCV program. (*Id.* ¶ 5.) On November 9, 2022, CHA issued an informal hearing request decision approving Chaney's request for an informal hearing. (*Id.* ¶ 6.) Despite the approval, on February 17, 2023, Jakyra Nelson, a CHA employee, informed Chaney that CHA would not provide him with an informal hearing. (*Id.* ¶¶ 7-8.) There was no subsequent hearing that took place.

### B. Amended Complaint

Count One of Chaney's *pro se* Amended Complaint brings a 42 U.S.C. § 1983 claim against CHA and Harrell for a violation of Chaney's Due Process Rights pursuant to the 14th Amendment, as well as rights under the City of Chicago Landlord and Tenant Act. The Court understands Chaney to be referencing the City of Chicago Residential Landlord and Tenant Ordinance ("RLTO").

"Section 1983 creates a federal cause of action for the deprivation [] of a citizen's rights . . . secured by the Constitution or laws of the United States." *McNulty v. Spikes*, 2007 WL 9815601, at *2 (N.D. Ill. Aug. 21, 2007) (internal quotation marks omitted). Because RLTO is a city ordinance and does not grant any federal rights that could be vindicated under Section 1983, Chaney's Section 1983 claim is dismissed with respect to RLTO. *Id.* ("Indeed, Section 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.") (internal quotation marks omitted) (citing *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (listing cases). "In other words, the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Id.* (citation omitted).

### 1. *Count One – CHA*

Chaney also brings a Section 1983 claim against CHA for a due process violation. Because Chaney brings a Section 1983 claim against CHA – a municipal government agency – his complaint must allege *Monell* liability. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). A plaintiff bringing a *Monell* claim must prove that the municipality's action was the "moving force" behind the federal rights violation. *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022). There are "three requirements to establish a *Monell* claim — policy or custom, municipal fault, and 'moving force' causation." *Id.* at 676. It essentially requires a plaintiff to "prove that it was obvious that the municipality's action would lead to constitutional violations and that

the municipality consciously disregarded those consequences." *Id.* at 675. "This is not an easy showing." *Id.*

The Court understands the core of Chaney's Complaint to be the CHA's failure to provide him with a hearing regarding his eviction. But none of the facts in Chaney's Complaint allege that the deprivation of a due process right to an HVC hearing was caused by a CHA policy, custom, or widespread practice – the first requirement of a *Monell* claim. Rather, Chaney's Complaint alleges a single instance of CHA failing to provide Chaney with an informal hearing after approving Chaney's request for such a hearing. Hence, even if there were a deprivation, municipalities are not vicariously liable for the torts of its employees or agents; they may only be held liable for their own wrongs, not the isolated wrongs of their employees. *Monell*, 436 U.S. at 694. Chaney fails to allege municipal liability under *Monell*. Accordingly, it is not necessary to assess the due process claim against CHA. *See Orozco v. Dart*, 64 F.4th 806, 827 (7th Cir. 2023) ("We also conclude that Kroger cannot establish municipal liability even if his procedural due process claims were sound.")

### 2. *Count One – Candace Harrell*

Chaney also brings a Section 1983 due process claim against Harrell, the manager of Kenmore Plaza. (Compl. ¶¶ 33, 35.) The Court interprets the complaint as bringing a claim against Harrell in her *individual* capacity, since there are no facts to suggest Harrell had *supervisory* liability over Jakyra Nelson. But Chaney's complaint fails to allege individual liability. "An individual cannot be held liable in a Section 1983 action unless he caused or participated in an alleged constitutional deprivation." *Rascon v. Hardiman*, 803

F. 2d 269, 273 (7th Cir. 1986) (citation omitted). Because none of the facts in the complaint allege Harrell's involvement in the deprivation of Chaney's right to an HCV hearing, Chaney's Section 1983 claim against Harrell fails and the Court need not assess the due process claim. Count One is dismissed without prejudice.

### 3. *Count Two – Declaratory Judgment*

Count Two brings a claim of "Declaratory Judgment" pursuant to 28 U.S.C. § 2201, which also fails because "[t]he Declaratory Judgment Act does not . . . provide an independent cause of action. Its operation is procedural only — to provide a form of relief previously unavailable." *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 1004 (N.D. Ill. 2021) (citation omitted). Because the Declaratory Judgment Act provides a remedy and not an additional cause of action, it is not a cognizable independent cause of action, and Count Two is dismissed without prejudice. *Id.*

Chaney's Complaint is thus dismissed without prejudice in its entirety.

### C. Plaintiff's Motions

Chaney filed a Motion for Summary Judgment and Award of Punitive Damages, as well as a Motion for Default Judgment (Dkt. Nos. 24, 32). Because Chaney's Complaint has been dismissed, the Court denies as moot Chaney's Motion for Summary Judgment and Award of Punitive Damages. Chaney also moved for default, arguing he was entitled to a default judgment because Defendants never filed an answer to Chaney's Complaint. This argument reflects a misunderstanding of the relevant Federal Rule. Federal Rule of Civil Procedure 12 governs the time to file a responsive pleading after the filing of a Complaint. Rule 12 permits a party to file a motion to dismiss a complaint in lieu of filing

an answer. Only if the court denies the motion does the defendant have to serve a responsive pleading such as an answer. FED. R. CIV. PRO. 12(a)(4). Here, Defendant filed a Motion to Dismiss within the appropriate time frame. Thus, Chaney's Motion for Default Judgment is meritless and must be denied.

## II.  CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss and Chaney's complaint is dismissed without prejudice. Chaney's Motion for Summary Judgment and Award of Punitive Damages is DENIED as moot, and Chaney's Motion for Default Judgment is DENIED.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 1/23/2024